PRYOR, Senior Judge,
dissenting in part:
The question on appeal in this case is whether there was sufficient evidence of appellant Pumphrey’s homicidal state of mind (as an aider and abettor) to warrant *292 submission of a murder charge against him to the jury.
At about two o’clock a.m. in the morning, in a residential neighborhood, appellant McKnight was arguing with the decedent, who was seated inside of a car. McKnight was standing outside of the car. As the argument ensued, the decedent exited the car, opened the rear trunk and began a search which included throwing items on the ground. McKnight and decedent were then standing next to each other. Pumphrey was standing nearby outside of a second car watching the two men. A woman was also standing next to a third car observing the situation. Pumphrey warned McKnight that decedent was looking for something. He then obtained a loaded gun from his car and handed it to McKnight. As soon as decedent saw the gun, he started to run away. McKnight fired multiple shots and decedent’s body was later found on the ground where he was killed. Pumphrey and McKnight left the scene immediately in Pumphrey’s car. The woman also left in her car. Arriving police officers noticed both cars leaving as they responded to the scene. A neighbor, who observed a part of this encounter, testified that she had seen appellants together with a gun on an earlier occasion.
In Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court stated the guiding concept which this court and others have consistently applied. Recognizing that the jury has heard the evidence, and observed the demeanor of the witnesses, the reviewing court should evaluate the evidence in the light most favorable to prosecution and determine whether a rational juror could find proof of the elements of the offense beyond a reasonable doubt. Stated conversely, the proof is insufficient if no rational juror could find proof of the offense beyond a reasonable doubt. In my opinion there is a tension in the test between “taking the evidence in the light most favorable to the prosecution” and concluding “there is proof beyond a reasonable doubt.” By design, I think, the sufficiency test, contemplates that the jury will consider, deliberate and reach a verdict which travels the space between the government’s best case and the standard of proof to convict. The court, as a gate keeper, need not render a verdict but rather should exclude from the jury, as a matter of law, those cases where conviction would be irrational and without evidence to satisfy the standard of proof.
In this case the jury heard the evidence and listened to the argument of counsel about the intent of Pumphrey. They were instructed by the trial judge consistent with our standard instructions. Indeed in deciding the case, the jury was free to apply the customary instruction to evaluate intent by evidence of the surrounding circumstances.[1] In this regard the jury *293 was free to draw reasonable inferences from the total evidence. Although there was no direct evidence of Pumphrey’s mens rea, there were circumstances which the jury could properly consider. They could consider that Pumphrey handed a loaded gun to McKnight in the course of a heated argument. They could also consider that the appellants immediately left the scene together. Lastly, only the jury could decide the accuracy of the testimony of the neighbor-witness and what inferences, if any, to draw from her testimony.
On balance, I am not persuaded that the verdict was the result of speculation or without evidence to support it. I, therefore, vote to affirm all of the convictions.

. "Proof of state of mind: Someone’s [intent] [knowledge] [insert other appropriate state of mind] ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer the someone’s [intent] [knowledge] [other appropriate state of mind] from the surrounding circumstances. You may consider any statement made or acts [done] [omitted] by [name of the defendant], and all other facts and circumstances received in evidence which indicate his/her [intent] [knowledge] [other appropriate state of mind].
[You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts s/he intentionally did or did not do.] It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that [name of the defendant] acted with the necessary state of mind.” Standardized Criminal Jury Instruc-